IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Woodland, Petitioner, vs. Sharon Somberg, et al., Respondents. | No. CV-06-1035-PHX-PGR (LOA) **REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus. (docket # 1) Respondents have filed an Answer (docket # 13) to which Petitioner has not replied and the deadline for doing so has passed.

**I. Factual and Procedural Background**

On November 14, 2002, a Maricopa County Grand Jury indicted Petitioner on one count of theft of means of transportation by controlling a truck that Petitioner knew or had reason to know was stolen.[1] (Respondents' Exh. A) The State subsequently alleged that Petitioner committed the offense charged in the indictment while on probation in cause number CR2000-008419 and that Petitioner had four historical prior felony convictions. (Respondents' Exhs. B, C)

[1] The Indictment also charged Petitioner's co-defendant, Charles Byrd, with possession of methamphetamine. (Respondents' Exh. A) On January 3, 2003, Byrd pleaded guilty before Hearing Officer Carl W. Eckhardt, Jr., to an amended count of possession of drug paraphernalia. (Respondents' Exh. E) Byrd was represented by Patricia Shaler. (Respondents' Exh. E)

On February 11, 2003, Petitioner failed to appear for a trial management conference scheduled before the Honorable Eileen Willett. (Respondents' Exh. G) The trial court issued a bench warrant for Petitioner's arrest and granted the State's motion to try Petitioner *in absentia*. (Respondents' Exhs. F, G) Before trial commenced, on February 14, 2003, Maricopa County Public Defender Fredrica Strumpf filed a "Motion to Determine Counsel." (Respondents' Exh. H) Strumpf requested that the court determine whether to order the Maricopa County Public Defender's Office to withdraw as counsel for the following reasons:

> Recently discovered evidence shows that a codefendant to Mr. Woodland is a recent client of the Public Defender's Office. Our office has confidential information with regard to this codefendant. Furthermore, the codefendant and Mr. Woodland are in adversarial positions. However, the codefendant is not charged similarly to Mr. Woodland, but to possession of drugs incident to a search as a passenger in the vehicle Mr. Woodland was driving . . . .
>
> This matter was originally addressed with a supervisor assigned to the case in December, 2002. However, in a review with a different supervisor, prior to trial, this potential conflict was again discussed. Due to the inability to determine actual versus potential conflict, defense counsel requests that this Court evaluate the matter. In the present case, undersigned counsel has a good faith basis to have concern, that because the Maricopa County Public Defender's Office previously represented the codefendant in prior matters, continued representation of Mr. Woodland would constitute a violation of the ethical rules outlined above. Therefore, pursuant to case law and [Ethical Rules] 1.6. 1.7, 1.9, and 1.10, the Court must consider whether it is appropriate to order [the withdrawal of] the Maricopa County Public Defender's Office from further representation in this case.

(Respondents' Exh. H) The record does not indicate whether the trial court specifically ruled on this motion. However, Ms. Strumpf continued to represent Petitioner along with deputy public defender Victoria Washington. (Respondents' Exhs. I-K) Following a jury trial, on February 25, 2003, Petitioner was found guilty as charged. (Respondents' Exhs. I-K)

On April 2, 2003, Petitioner physically appeared at a hearing regarding the bench warrant issued on February 11, 2003 based on Petitioner's failure to appear. (Respondents' Exh. M) The court partially exonerated Petitioner's bond and scheduled sentencing. (Respondents' Exhs. D, L, M) Before the sentencing hearing, Petitioner and the State reached a plea agreement pursuant to which Petitioner agreed to plead guilty to theft of means of transportation with two historical prior felony convictions. (Respondents' Exh. N) In exchange, the State agreed not to allege Petitioner's "on-probation status" for purposes of sentencing enhancement under

A.R.S. § 13-604.02(B). (Respondents' Exhs. N–Q) Pursuant to A.R.S. § 13-604.02(B), a successful allegation that Petitioner had committed the charged offense while on "probation for a conviction of a felony offense" would have precluded the court from sentencing Petitioner to anything "less than the presumptive sentence authorized for the offense" and eliminated the possibility of early release. Id.; State v. Nguyen, 208 Ariz. 316, 318, 93 P.3d 516, 518 (App. 2004).

After accepting the plea and dismissing the State's allegation of Petitioner's "on-probation" status, on July 1, 2003, the court conducted a sentencing hearing during which Ms. Strumpf presented three witnesses who argued for a mitigated sentence. (Respondents' Exh. S) The court rejected Petitioner's arguments and imposed the presumptive 11.25-year term of imprisonment for the conviction of a Class 3 felony with two historical prior felony convictions. (Respondents' Exhs. S-T)

On August 13, 2003, Petitioner filed a *pro se* notice of post-conviction relief under Ariz.R.Crim.P. 32. (Respondents' Exh. U) The court appointed counsel who subsequently notified the court that she was unable to find any issues to raise in post-conviction proceedings. (Respondents' Exhs. W-V) Petitioner then filed a *pro se* petition for post-conviction relief raising the same two issues of ineffective assistance of counsel which he asserts in the pending petition. (Respondents' Exh. V-Y; docket # 1) The trial court summarily denied the petition finding that Petitioner had "failed to raise a colorable claim for post-conviction relief. . . ." (Respondents' Exh. BB)

Petitioner sought review in the Arizona Court of Appeals which was summarily denied on July 13, 2005. (Respondents' Exh. CC-DD) Petitioner did not seek review in the Arizona Supreme Court.

Thereafter, Petitioner filed the pending Petition raising two claims: (1) trial counsel Fredrica Strumpf was ineffective for failing to inform Petitioner that only a jury, rather than a judge, could determine his on-probation status for purposes of sentencing enhancement under A.R.S. § 13-604.02(B); and (2) trial counsel was ineffective because she had a conflict of

interest. Petitioner fairly presented his claims to the state courts in a procedurally appropriate manner. Thus, they are properly before this Court on habeas corpus review.

**II. Standard of Review**

Before reaching the merits of Petitioner's claims, the Court will discuss the relevant standard of review. A state prisoner "whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." Price v. Vincent, 538 U.S. 634, 638 (2003). Thus, a state prisoner is not entitled to relief unless he demonstrates that the state court's adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2); Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); Mancebo v. Adams, 435 F.3d 977, 978 (9th Cir. 2006).

Under the "contrary to" clause of § 2254(d), a federal habeas court may not issue a writ, unless the state court: (1) applied a rule of law "that contradicts the governing law set forth in [Supreme Court] cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 411 (2000).

A state court decision involves an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies the rule to the facts of a particular case. Williams, 529 U.S. at 405; Brown v. Payton, 544 U.S. 133, 141 (2005). An incorrect application of state law is insufficient to satisfy this standard. Yarborough v. Alvarado, 541 U.S. 652, 665-66 (2004)(stating that "[r]elief is available under § 2254(d)(1) only if the state court's decision is objectively unreasonable.") Under this standard, "[i]t is not enough that a federal habeas court, in its independent review of the legal question," is left with the "firm conviction" that the state court ruling was "erroneous." Id.;Andrade, 538 U.S. at 75. Rather, the state court decision "must be objectively unreasonable." Middleton v. McNeil, 541U.S. 433 (2004); Andrade, 538 U.S. at 76.

The record in this case lacks a reasoned decision of the state courts because both the trial court and the appellate court summarily denied review. In such a case, the federal habeas court "must assume that the state court has decided all the issues and perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)(citations omitted). Even if the state court neither explained its ruling nor cites United States Supreme Court authority, the reviewing federal court must nevertheless examine Supreme Court precedent to determine whether the state court reasonably applied federal law. Early v. Packer, 537 U.S. 3, 8 (2003). The United States Supreme Court has expressly held that citation to federal law is not required and that compliance with the habeas statute "does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Id. Claims of ineffective assistance of counsel are reviewed to determine whether the state court judgment amounts to an "unreasonable application" of Strickland v. Washington, 466 U.S. 668 (1984) to the facts of the particular case. Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000). The Court will consider Petitioner's claims in view of the foregoing principles.

## III. Analysis

Petitioner asserts two claims of ineffective assistance of counsel: (1) trial counsel Fredrica Strumpf was ineffective for failing to inform Petitioner that only a jury, rather than a judge, must determine his "on-probation" status for purposes of sentencing enhancement under A.R.S. § 13-604.02(B); and (2) trial counsel was ineffective because she had a conflict of interest. Before addressing these claims, the Court will discuss the controlling federal law.

### A. Controlling Law

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner must show that counsel’s performance was objectively deficient and that counsel’s deficient performance prejudiced the petitioner. Strickland, 466 U.S. at 687; Hart, 174 F.3d at 1069. To be deficient, counsel’s performance must fall “outside the wide range of professionally competent assistance.” Strickland, 466 U.S. at 690. When reviewing counsel's performance,

the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. Strickland, 466 U.S. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Review of counsel's performance is "extremely limited." Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689.

To establish a Sixth Amendment violation, petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. Strickland, 466 U.S. at 691-92; United States v. Gonzalez-Lopez, ___U.S.___, 126 S.Ct. 2557, 2563 (2006)(stating that "a violation of the Sixth Amendment right to effective representation is not 'complete' until the defendant is prejudiced.") To show prejudice, petitioner must demonstrate a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694; Hart, 174 F.3d at 1069; Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998). The court may proceed directly to the prejudice prong. Jackson v. Calderon, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000)(citing Strickland, 466 U.S. at 697). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. Jackson, 211 F.3d at 1155.

The Strickland standard applies equally to a defendant, such as Petitioner, who has been "represented by counsel during the plea process and enters his plea upon the advice of counsel . . . ." Hill v. Lockhart, 474 U.S. 52, 56-58 (1985). In such a case the "performance" test remains the same, and the "prejudice" test turns on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 58-59. Specifically, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

**B. First Ground for Relief**

In his first ground for relief, Petitioner argues that trial counsel, Fredrica Strumpf, was ineffective for failing to advise him that a jury, rather than a judge, must determine his on-probation status for purposes of sentencing enhancement under A.R.S. § 13-604.02(B). In other words, Petitioner argues that the "on-probation" determination constitutes a "fact that increases the penalty for a crime beyond the statutory maximum" and, therefore, counsel was ineffective in failing to advise him that the "on-probation" issue "must be submitted to a jury, and proved beyond a reasonable doubt." Blakely v. Washington, 542 U.S. 296 (2004). See also, Cunningham v. California, ___S.Ct.___, 2007 WL 135687 (January 22, 2007)(reaffirming that except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.). As discussed below, this claim lacks merit because a judge properly determines a defendant's on-probation status for sentencing purposes under A.R.S. § 13-604.02(B), and therefore, counsel was not ineffective in failing to give Petitioner contrary advice.

Arizona Revised Statute § 13-604.02(B) provides for a statutory minimum sentence when a current crime was committed while the defendant was on probation for a felony offense: "a person convicted of any felony offense . . . if committed while the person is on probation . . . shall be sentenced to a term of not less than the presumptive sentence authorized for the offense. . . . " Id.; see also State v. Cox, 201 Ariz. 464, 469, 37 P.3d 437, 442 (Az.Ct.App. 2002)(stating that "a § 13-604.02(B) allegation increases the statutory minimum penalty but not the statutory maximum."). Because the determination of a defendant's "on-probation" status under A.R.S. § 13-604.02(B) establishes the applicable mandatory minimum, not maximum, sentence, the "on-probation" determination does not expose a defendant to increased punishment and, therefore, need not be found by a jury. McMillan v. Pennsylvania, 477 U.S. 79, 88 (1986)(upholding the constitutionality of a statute that increased a crime's minimum penalty based on the findings of a sentencing court because the mandatory-minimum sentence never exposed the defendant to "greater or additional punishment."), *reaffirmed in* Apprendi,

530 U.S. at 487 n. 13(preserving the McMillan rule by providing that Apprendi does not apply to cases that "do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict - a limitation identified in the McMillan opinion itself." ); Cox, 201 Ariz. at 469, 37 P.3d at 442 (holding that a "jury trial is not required on the § 13-604.02(B) allegation" reasoning that "[b]ecause proof of a § 13-604.02(B) allegation increases the statutory minimum, Apprendi does not require that the allegation be decided by a jury beyond a reasonable doubt; rather, the trial judge can decide the § 13-604.02(B) allegation by clear and convincing evidence.") See also, Harris v. United States, 536 U.S. 545, 565(2002)(holding that when a mandatory minimum applies, the judge "may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those [grand and petit] juries — and without contradicting *Apprendi*."), and Id. at 569-70 (Breyer, J., concurring)(agreeing that "*Apprendi* does not apply to mandatory minimums.").[2]

Because the "on-probation" determination under A.R.S. § 13-604.02(B) impacts the mandatory minimum and did not expose Petitioner to increased punishment, that determination could be made by a judge without running afoul of the Sixth Amendment. Apprendi, 530 U.S. at 487 n. 13; McMillan, 477 U.S. at 88; Harris, 536 U.S. at 565. Accordingly, trial counsel's performance was not deficient for failing to provide Petitioner with an incorrect statement of

---

[2] Because the Supreme Court has not overruled Harris, it remains binding precedent and the imposition of a mandatory minimum sentence does not violate the Sixth Amendment. See, United States v. Dare, 425 U.S. 634, 641 (9th Cir. 2005)(recognizing the Harris remains good law under the Supreme Court's Apprendi/Blakely/Booker Sixth Amendment jurisprudence); United States v. Hernandez-Castro, __F.3d ___, No. 06-10074, 2007 WL 79532 (9th Cir., Jan. 12, 2007)(same).

Recently, in Cunningham v. California, ___ S.Ct.___, 2007 WL 135687 (January 22, 2007), the Supreme Court revisited Apprendi and its progeny when considering whether California's determinate sentencing law ("DSL") violated a defendant's Sixth Amendment right to a jury trial. The Court held that California's DSL, which authorized the judge, not a jury, to find facts by a preponderance of the evidence exposing defendant to an elevated *upper term* sentence, violated defendant's right to trial by jury. Id. The Cunningham Court did not consider whether the imposition of a mandatory minimum sentence violates the Sixth Amendment and did not disturb its prior decision in Harris. Accordingly, Harris remains good law.

law regarding the on-probation determination. Likewise, because counsel correctly refrained from giving Petitioner erroneous advice regarding whether the judge or jury makes the § 13-604.02(B) determination, Petitioner cannot demonstrate prejudice.

Petitioner's first ground for relief also includes several sub-claims. Petitioner contends that because defense counsel advised him to inform the court of his on-probation status, and the trial court imposed the presumptive sentence, he received no benefit from the State's agreement to drop the on-probation allegation because the trial court imposed the presumptive sentence anyway. (docket # 1, attachment A) In other words, Petitioner claims that trial counsel was ineffective for orchestrating a plea bargain pursuant to which the State agreed to drop the allegation that Petitioner was on probation when he committed the current offense because the trial court ultimately imposed the presumptive sentence based on A.R.S. § 13-604.02(b) despite that agreement.

This claim lacks merit. After convincing the State to drop the on-probation allegation, trial counsel appropriately advised Petitioner to accept the plea agreement. If the State had retained the "on-probation" allegation and established that Petitioner had committed the current offense while on probation under A.R.S. § 13-604.02(B), Petitioner would have been precluded from even arguing for a mitigated sentence. In other words, by accepting the plea agreement which dismissed the "on-probation" allegation, Petitioner received the benefit of preserving his opportunity to argue for a mitigated sentence. The fact that the trial court ultimately imposed the presumptive sentence does not negate the benefit Petitioner received under the plea bargain. Absent the plea agreement, Petitioner could not have even argued for a sentence that was less than the presumptive sentence.

Additionally, Petitioner's admission at sentencing that he was on probation when he committed theft of a means of transportation did not require the trial court to impose the presumptive sentence. Rather, only proof of a formal allegation under A.R.S. § 13-604.02(B) would have required the court to impose the presumptive sentence.

Contrary to Petitioner's assertion, trial counsel rendered effective assistance in advising Petitioner to enter a plea agreement pursuant to which the State agreed to drop the "on-

probation" allegation under A.R.S. § 13-604.02(B). By entering such an agreement, Petitioner preserved his right to argue for a sentence lower than the presumptive term.

Finally, Petitioner claims that defense counsel Strumpf was ineffective because she was "new and being trained by another." (docket # 1) The fact that a lawyer is young or participating in her first trial is not dispositive of whether that lawyer rendered constitutionally effective assistance. "The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation." United States v. Cronic, 466 U.S. 648, 665 (1984)(rejecting a claim of ineffective assistance that was based on the fact that the defendant's lawyer was young, that his principal practice was civil, not criminal, law, or that it was his first jury trial.); LaGrand v. Stewart, 133 F.3d 1253, 1275 (9th Cir. 1998)(upholding the court's rejection of a capital habeas petitioner's claim that "trial counsel's inexperience rendered his assistance ineffective.") "In considering a claim of ineffective assistance of counsel, it is not the experience of the attorney that is evaluated, but rather, his performance." Id.

As discussed above, defense counsel Strumpf provided legally correct and strategically sound advice during plea negotiations. Petitioner has not established that her performance was deficient or that he suffered any prejudice. Accordingly, his first claim for relief fails. Strickland, 466 U.S. at 687.

**C. Second Claim for Relief - Conflict of Interest**

In his second ground for relief, Petitioner argues that defense counsel Strumpf rendered ineffective assistance because she had a conflict of interest based on successive representation. Specifically, he argues that the same attorney represented his co-defendant and then represented Petitioner. (docket # 1 at 6) In support of this claim that trial counsel had a conflict of interest, Petitioner refers to trial counsel's motion for determination of counsel. (Id.) Petitioner further claims that "several prejudicial decisions were made" but does not identify any such decisions. (Id.)

**1. Relevant Law**

A criminal defendant is entitled to effective assistance of counsel to protect "the fundamental right to a jury trial." Strickland, 466 U.S. at 684. To establish a Sixth Amendment right to counsel violation, "the defendant must show that counsel's performance was deficient," and "that the deficient performance prejudiced the defense . . . . Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687. Although ineffective assistance of counsel claims generally require a showing of deficient performance and prejudice, in Cuyler v. Sullivan, 466 U.S. 335, 350 (1980), the Supreme Court held that an attorney's actual conflict of interest in the context of active, *joint* representation results in prejudice *per se*. Id. An actual conflict of interest for Sixth Amendment purposes is a conflict of interest that adversely affects counsel's performance. Mickens v. Taylor, 535 U.S. 162, 172 n. 5 (2002). The Supreme Court has not extended the Sullivan rule to cases of *successive* representation which is at issue in this case. Mickens v. Taylor, 535 U.S. 162, 174-76 (2002)(stating that "[i]t must be said, however, that the language of Sullivan itself does not clearly establish, or indeed even support, such expansive application" of Sullivan to cases where the alleged conflict is "rooted in counsel's obligations to former clients.")

Accordingly, the Ninth Circuit has recognized that a habeas corpus petitioner who challenges a state court's failure to extend the Sullivan rule to a situation outside of the context of joint representation cannot obtain relief because the Supreme Court's decision not to extend Sullivan beyond joint representation precludes a finding that the state court's decision was contrary to, or an unreasonable application of, Supreme Court. Earp v. Ornoski, 431 F.3d 1158, 1184 (9th Cir. 2005)("The Mickens Court specifically and explicitly concluded that Sullivan was limited to joint representation, and that any extension of Sullivan outside of the joint representation context remains, 'as far as the jurisprudence of [the Supreme Court was] concerned, an open question.' . . .While our circuit's precedent has expanded the scope of the Sullivan exception to apply in other contexts, . . . the advent of AEDPA forecloses the option

of reversing a state court determination simply because it conflicts with established circuit law.")

Because the Supreme Court has not extended Sullivan beyond the joint-representation context, "*Strickland* remains binding precedent for successive representation, and no clearly established Supreme Court precedent has imported a presumption of prejudice." Alberni v. McDaniel, 458 F.3d 869, 875-78 (9th Cir. 2006)(McKeown, C.J., concurring and dissenting). In other words, "a state court conviction may not be reversed on federal habeas review upon a mere showing of an actual conflict in a successive representation case — Strickland prejudice is and has always been required by the Supreme Court regardless of what circuit or state court precedent might say." Id.

**2. Analysis of Petitioner's Claim**

As previously stated, Petitioner claims that trial counsel Strumpf rendered ineffective assistance due to her conflict of interest. Strumpf worked for the Maricopa County Public Defenders Office which had represented Petitioner's co-defendant in a previous case on a charge of possession of drugs. (Respondents' Exh. H)

The representation at issue in this case was successive, not joint. Therefore, there is no presumption of prejudice and the Strickland standard applies. Mickens, 535 U.S. at 174-76. As an initial matter, Petitioner has not presented any evidence that an actual conflict existed. Trial counsel's own motion for a determination of counsel alone does not support a finding of an actual conflict of interest. Lewis v. Mayle, 391 F.3d 989, 998 (9th Cir. 2004)(stating that "'[t]he existence of a conflict of interest cannot be governed solely by the perceptions of the attorney; rather the court itself must examine the record to discern whether the attorney's behavior seems to have been influenced by the suggested conflict.'")(quoting Sanders v. Ratelle, 21 F.3d 1446, 1452 (9th Cir. 1994)). Moreover, even assuming an actual conflict existed, Petitioner's claim fails because he has not shown prejudice. He has not shown that absent the alleged conflict of interest, he would have rejected the plea agreement. Petitioner does not explain in what manner counsel's performance prejudiced him. He does not cite any incidents

in the record which indicate that defense counsel's alleged deficient performance adversely affected his trial or sentencing. Petitioner merely alleges that counsel had a conflict of interest which rendered her assistance ineffective. Petitioner's unsupported conclusory allegations do not support a claim for habeas corpus relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)(reaffirming that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.")(citations omitted). In view of the foregoing, Petitioner's second claim for relief fails. Hill, 474 U.S. at 59.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of February, 2007.

Lawrence O. Anderson
United States Magistrate Judge