**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Matthew Woodland, | ) | |
| Petitioner, | ) | No. CV-06-1035-PHX-PGR (LOA) |
| vs. | ) | |
| Sharon Somberg, et al., | ) | ORDER |
| Respondents. | ) | |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Anderson in light of Petitioner's Objection to Magistrate Recommendation (doc. #15), the Court finds that the petitioner's objections should be overruled as having no legal merit.

First, the petitioner's contention, set forth in Ground I of his petition, that his trial counsel rendered ineffective assistance of counsel by failing to inform him that only the jury, rather than a judge, had to determine whether he was on probation at the time he committed the crime at issue for sentence enhancement purposes is incorrect as a matter of law.  As the Magistrate Judge correctly noted, this is not an Apprendi issue because the determination of a defendant's on-probation status for purposes of A.R.S. § 13-604.02(B) does not expose a defendant to increased punishment as it impacts only the mandatory minimum

1   sentence.

2       Furthermore, the petitioner's additional contention in Ground I of his

3   petition that his counsel was ineffective in recommending that the petitioner

4   accept the plea offer because the petitioner received the presumptive sentence

5   notwithstanding that the on-probation allegation was dropped is also incorrect as

6   a matter of law.  As the Magistrate Judge correctly noted, the petitioner received

7   a benefit under the plea agreement despite having been given the presumptive

8   sentence because the dropping of the on-probation allegation allowed the

9   petitioner to have the opportunity he would not otherwise have had of arguing for

10  a mitigated sentence, *i.e.* a sentence of less than the presumptive term.

11      Second, the petitioner's contention, as set forth in Ground II of his petition,

12  that his counsel rendered ineffective assistance by withholding a conflict of

13  interest from him involving her office's prior representation of a co-defendant is

14  also incorrect as a matter of law.  As the Magistrate Judge correctly noted, (1) the

15  alleged conflict was based on a successive representation, not a joint

16  representation, and thus did not result in a presumption of prejudice under U.S.

17  Supreme Court case law, and (2) the petitioner has not satisfied the standard of

18  Strickland v. Washington, 466 U.S. 668 (1984), because he has neither

19  established that an actual conflict of interest existed, nor has he shown any

20  prejudice resulting from the alleged conflict of interest.   Therefore,

21      IT IS ORDERED that the Magistrate Judge's Report and Recommendation

22  (doc. #14) is accepted and adopted by the Court.

23      IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas

24  Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (doc. #1) is

25  denied and that this action is dismissed.   The Clerk of the Court shall enter

26

- 2 -

judgment accordingly.

DATED this 24th day of July, 2007.


Paul G. Rosenblatt
United States District Judge